1

2

3

4

5    UNITED STATES DISTRICT COURT

6    EASTERN DISTRICT OF WASHINGTON

7    JOSE C. SANCHEZ and ELIZABETH
     SANCHEZ, husband and wife,                    NOS:  CV-12-3031-RMP
8    individually and as a marital                        CV-12-3070-RMP
     community; and JOSE S. SANCHEZ,
9    JR.,
                                                    ORDER
10                        Plaintiffs,

11         v.

12   ADAM DIAZ and JANE DOE DIAZ,
     husband and wife, individually and as
13   the marital community comprised
     thereof; DERRICK PEREZ and JANE
14   DOE PEREZ, husband and wife,
     individually and as the marital
15   community comprised thereof;
     THOMAS MICHAEL RADKE and
16   JANE DOE RADKE, husband and
     wife, individually and as the marital
17   community comprised thereof;
     MICHAEL D. MOREHOUSE and
18   JANE DOE MOREHOUSE, husband
     and wife, individually and as the
19   marital community comprised thereof;
     SAN JUANITA ANAYA and JOHN
20   DOE ANAYA, wife and husband,
     individually and as the marital

ORDER ~ 1

community comprised thereof; JOHN
and JANE DOES 1-10; and CITY OF
TOPPENISH, a municipal corporation
organized under the laws of the State of
Washington,

Defendants.

_____

JOSE C. SANCHEZ and ELIZABETH
SANCHEZ, husband and wife,
individually and as a marital
community; and JOSE S. SANCHEZ,
JR.,

Plaintiffs,

v.

ADAM DIAZ, DERRICK PEREZ,
THOMAS MICHAEL RADKE, and
MICHAEL D. MOREHOUSE, in their
capacity as city employees; and CITY
OF TOPPENISH, a municipal
corporation organized under the laws
of the State of Washington,

Defendants.

These matters come before the Court on a motion by all of the above-

captioned Defendants except for San Juanita Anaya and spouse and Armando[1]

---

[1] Although the complaint and amended complaint in CV-12-3031-RMP, ECF Nos.
1-2 and 1-3, name "Armanando Anaya" and spouse as Defendants,  Mr. Anaya's
letter responding to the complaint, which was filed in Yakima County Superior

ORDER ~ 2

Anaya and spouse (hereinafter, "Defendants Anaya") for judgment on the

pleadings pursuant to Fed. R. Civ. P. 12(c), ECF No. 3 in CV-12-3031-RMP,

motions by Plaintiffs to remand the matter to state court, ECF No. 9 in CV-12-

3031-RMP and ECF No. 8 in CV-12-3070-RMP, a motion by Plaintiffs for leave

to file an amended complaint, ECF No. 16 in CV-12-3031-RMP, and a motion to

dismiss claims against Defendants Anaya by the Anayas' co-Defendants, ECF No.

4 in CV-12-3070-RMP.

The Court has reviewed all of the briefing submitted by the parties with

respect to the five motions, as well as the relevant law, and is fully informed.

### *Underlying Factual Background*

The following background is taken from the complaints on file in these matters.

*See* ECF Nos. 1-2 and 1-3 in CV-12-3031-RMP; ECF No. 1-1 in CV-12-3070-RMP.

On the evening of February 21, 2009, Plaintiffs Jose S. Sanchez, Jr., and his son, Jose

C. Sanchez, joined several friends at the Tejano Salon in Toppenish, Washington.[2]

The Salon is a business that offers beer and dancing.  That evening, Jose S. got into an

argument with Harvey Chavez.  Around midnight, Defendant San Juanita Anaya, who

owns and operates the Salon with her son Armando Anaya, called 911 and asked for

---

Court on March 6, 2012, indicates that his name is "Armando Anaya."  The
caption shall be amended accordingly.

[2] For the sake of clarity, from this point forward, the Court refers to the Sanchezes
as Jose S. and Jose C, rather than by their last names.

ORDER ~ 3

police assistance in removing two people from the premises.  At about 1:07 a.m.,

Defendant Officer Perez arrived at the Salon.  Shortly thereafter, Defendant Officer

Radke arrived.  Ms. Anaya pointed out Jose C., Jose S., and Mr. Chavez to the officers.

The officers escorted Plaintiffs, and a couple in their party, the Sotos, outside.  At this

point, according to Plaintiffs, the situation escalated and police officers used batons

and tasers against Plaintiffs and then arrested them as well as the Sotos.  Plaintiffs

allege that Ms. Anaya told police that Jose S. had a gun, when he did not actually have

a gun.

Subsequently, Jose S. was charged with assault, defying an order to leave the

premises, resisting arrest, and obstruction.  On August 2, 2010, the charges against

Jose S. were dismissed.  Jose C. was charged with assault in the third degree,

obstruction, resisting arrest, and defying an order to leave the premises; the matter was

heard in Yakima County Superior Court.  Yakima County Superior Court

subsequently dismissed with prejudice all charges against Jose C., as a result of the

prosecutor's failure to meet the speedy trial deadline.

### *Procedural History*

The Sanchezes filed a complaint in Yakima County Superior Court on

February 16, 2012, naming as defendants Adam Diaz and spouse, Derrick Perez

and spouse, Thomas Michael Radke and spouse, Michael Morehouse and spouse,

"John and Jane Does 1-10," San Juanita Anaya and spouse, and Armando Anaya

ORDER ~ 4

1  and spouse.  The complaint states the following causes of action against

2  Defendants Anaya: (1) negligent infliction of emotional distress; (2) intentional

3  infliction of emotional distress; (3) "acting in concert"; (4) loss of consortium; (5)

4  discrimination in violation of RCW 49.60.215, a provision of chapter 49.60 RCW,

5  the Washington Law Against Discrimination ("WLAD"), based on Plaintiffs' race,

6  color, and national origin; and (6) deprivation of federal constitution and/or

7  statutory rights in violation of 42 U.S.C. § 1983.

8       The Sanchezes served an amended complaint on the City of Toppenish along

9  with a notice to the City of Toppenish of Plaintiffs' intent to sue the city and its

10  agents.[3]  The amended complaint named the City of Toppenish and bore other

11  significant changes from the original complaint but recited the same claims against

12  the Anayas.  *See* ECF No. 1-1 at 34-37 in CV-12-3031-RMP.  Although Plaintiffs

13  did not file the amended complaint in Superior Court all Defendants except the

14  Anayas filed an answer to the amended complaint on March 6, 2012.  Defendants

15  Anaya filed pro se responses to the original complaint the same day.  On March 14,

16  2012, all Defendants except the Anayas removed the action to federal court.  ECF

17  No. 1 in CV-12-3031-RMP.  Defendants attached the complaint, the unfiled

18

19  ───────────────────

    [3] Chapter 4.96 RCW requires those who seek to sue a local governmental entity for

20  damages to file a notice of claim administratively with the intended defendant and
    then wait 60 days before filing a lawsuit against that defendant.

ORDER ~ 5

amended complaint, and Defendants' answer to the amended complaint to the Notice of Removal. ECF No. 1-4 at CV-12-3031-RMP.

On April 26, 2012, Plaintiffs filed a second lawsuit in Yakima County Superior Court, alleging the same causes of action arising from the same alleged events of February 22, 2009, as the earlier filed and removed action.[4]  Plaintiffs named Adam Diaz, Derrick Perez, Thomas Michael Radke, and Michael D. Morehouse, in their capacity as City of Toppenish employees, and the City of Toppenish as Defendants.  ECF No. 1-1 in CV-12-3070-RMP.  Defendants removed the action to federal court on May 7, 2012.  ECF No. 1 in CV-12-3070-RMP.  As of May 7, Plaintiffs had not filed an affidavit of service demonstrating service upon either Ms. Anaya or Mr. Anaya in Yakima County Superior Court.  ECF No. 1 in CV-12-3070-RMP.

The Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1331 for the 42 U.S.C. § 1983 claim and supplemental jurisdiction over the remaining state-law claims, 28 U.S.C. § 1367.

///

///

///

---

[4] The Court notes that the Anayas are not named as Defendants in the caption of the April 26, 2012, complaint, but are discussed as Defendants in the body of the complaint.  ECF No. 1-1 in CV-12-3070-RMP.

***Consolidation***

As an initial matter, the Court notes that these matters arise out of the same evening's events and subsequent factual background and raise common questions of law and fact.

Federal Rule of Civil Procedure 42 governs the consolidation of actions and provides, in relevant part:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>> (1)   join for hearing or trial any or all matters at issue in the actions;
>> (2)   consolidate the actions; or
>> (3)   issue any other orders to avoid unnecessary cost or delay.

The Court has broad discretion to order consolidation, and may do so sua sponte. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).  In determining whether to consolidate, the Court "weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805 (N.D. Cal. 1989); *see also, e.g., Equal Employment Opportunity Commission v. HBE Corp.,* 135 F.3d 543, 550–51 (8th Cir.1998) (finding consolidation appropriate because it would "avoid the inefficiency of separate trials involving related parties, witnesses and evidence").

In this matter, the benefit to judicial economy and efficient allocation of time and resources for the parties heavily weigh in favor of consolidation. Therefore, the Court consolidates these matters for all purposes.

### *Motions to Dismiss*

Defendants move to dismiss Defendants Anaya with respect to all causes of action raised in these matters. Defendants move for the relief of dismissal pursuant to Rules 12(c), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 3 in CV-12-3031-RMP; ECF No. 4 in CV-12-3070-RMP.

A court should grant a motion brought pursuant to Rule 12(c) where, accepting as true, allegations of fact in the complaint, as construed in the light most favorable to the non-moving party, "there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). When a Rule 12(c) motion is used to raise a defense of failure to state a claim, a motion for judgment on the pleadings faces the same test as a motion under Rule 12(b)(6). *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).

Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555.  In ruling on a motion under Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff and accept all material factual allegations in the complaint, as well as any reasonable inferences drawn therefrom.  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy*, 845 F.2d at 810.

Three complaints were attached to the notices of removal filed in this action, a "Complaint" filed on February 16, 2012, in Yakima Superior Court in the CV-12-3031-RMP action, an "Amended Complaint" served on the City of Toppenish in the CV-12-3031-RMP action, and a "Complaint" filed on April 26, 2012, in Yakima County Superior Court in the CV-12-3070-RMP action.  Plaintiffs alleged the following with respect to the Anayas in those complaints:

1)  "[San Juanita] Anaya pointed out the Sanchez father and son, as well as Chavez.  Ms Anaya didn't want anyone arrested, [sic] she just wanted them to leave."  ECF No. 1-2 at 11 in CV-12-3010.

2)  Although Ms. Anaya told Mr. Chavez to leave, "Defendants Anaya did not ask Plaintiffs Sanchez to leave."  ECF No. 1-1 at 11 in CV-12-3070-RMP.

ORDER ~ 9

3)  "Defendant Ms. Anaya did not have the security staff ask the men to leave."  ECF No. 1-1 at 11 in CV-12-3070-RMP.

4)  "Near midnight, Tejana Salon owner, San Juanita Anaya, called 9-1-1 and calmly asked [sic] Toppenish Police Department to send an officer to the Salon, as there were two men she wished to leave the premises. Anaya calmly told the operator that a couple of guys were arguing and they were giving each other 'the look.' She described the men as Hispanic, a big heavy guy with a black hat and a real short guy with a yellow shirt.  Ms. Anaya stated she wanted to ask them to leave but thought 'the big one' might 'throw a fit.'  She laughed and said that if they let it go, it might turn into a fight.'"  ECF No. 1-1 at 12 in CV-12-3070-RMP.

5)  "Defendants Anaya did not report to Defendants a crime or a suspected crime."  ECF No. 1-1 at 12 in CV-12-3070-RMP.

6)  "In a voluntary statement given in June 2009, Defendant Ms. Anaya alleged that, prior to calling Defendant TPD on February 21, 2009, Harvey Chavez (Chavez) told her that Plaintiff Jose S. Sanchez, Jr., had a gun." ECF No. 1-1 at 13 in CV-12-3070-RMP.

7)  "On April 13, 2009, Defendant Ms. Anaya told an F.B.I. investigator that Harvey Chavez (Chavez) was picking a fight with Plaintiff Jose

S. Sanchez, Jr.  She did not provide any information regarding a weapon."  ECF No. 1-1 at 13 in CV-12-3070-RMP.

8) "At approximately 1:05 a.m. on February 22, 2009, the 9-1-1 dispatcher contacted Officer Radke and stated the Salon owner wished to have two men removed from the premises and that they were 'gesturing' at one another.  It is unknown where the dispatcher obtained this information.  The dispatcher confirmed the men were not actually fighting.  Defendant Anaya did not mention a weapon." ECF No. 1-1 at 13 in CV-12-3070-RMP.

Additionally, Plaintiffs move for leave to amend their complaint, ECF No. 16 in CV-12-3031-RMP, and add the following allegations with respect to Defendants Anaya:

1) "Defendant Ms. Anaya told Defendant TPD that Plaintiff Jose S. Sanchez, Jr. had been outside with Chavez and when they returned inside, they started using head nods and throwing gestures, 'you know how Mexicans do it.'"  ECF No. 16-1 at 10 in CV-12-3031-RMP.

2) "When she spoke with Defendant Officers on February 22, 2009 Defendant Ms. Anaya told TPD that Harvey Chavez was picking a fight with Plaintiff Jose S. Sanchez, Jr. She did not provide any information regarding a weapon." ECF No. 16-1 at 8 in CV-12-3031-RMP.

ORDER ~ 11

3)  "In a voluntary statement given in June 2009, Defendant Ms. Anaya

alleged that, prior to calling Defendant TPD on February 21, 2009,

Harvey Chavez (Chavez) told her that Plaintiff Jose S. Sanchez, Jr., had a

gun."  ECF No. 16-1 at 8 in CV-12-3031-RMP.

4)  "On April 13, 2009, Defendant Ms. Anaya told an F.B.I. investigator that

Harvey Chavez (Chavez) was picking a fight with Plaintiff Jose S.

Sanchez, Jr. She did not provide any information regarding a weapon."

**Negligence, Negligent Infliction of Emotional Distress, and**

**Intentional Infliction of Emotional Distress Claims**

Negligence requires (1) a duty to conform to a certain standard of conduct

owed to the complaining party, (2) a breach of that duty, and (3) a showing that the

breach was the proximate cause of the complaining party's injury, and (4) legally

compensable damages. *See, e.g., Hertog v. City of Seattle*, 138 Wn.2d 265, 275

(1999), *aff'd in part, rev'd in part on other grounds*, 155 Wn.2d 306 (2005).

"General tort principles create an independent cause of action for negligent

infliction of emotional distress for a plaintiff who can establish the elements of

duty, breach, proximate cause and damages." *Estate of Lee v. City of Spokane*, 101

Wn. App. 158 (Wash. App. Div. 3), *review denied*, 142 Wn.2d 1014 (Wash. 2000)

(citing *Hunsley v. Giard*, 87 Wn.2d 424, 434 (Wash. 1976)).  "'The element of

1  foreseeability plays a large part in determining the scope of defendant's duty.'"

2  *Estate of Lee*, 101 Wn.App. at 176 (quoting *Hunsley*, 87 Wn.2d at 435).

3  Finally, an intentional infliction of emotional distress claim requires a

4  showing on the following elements: "(1) extreme and outrageous conduct, (2)

5  intentional or reckless infliction of emotional distress, and (3) actual result to

6  plaintiff of severe emotional distress."  *Kloepfel v. Bokor*, 149 Wn.2d 192, 195, 66

7  P.3d 630 (2003).

8  Plaintiffs do not allege any damage arising out of any action by Defendants

9  Anaya apart from those injuries allegedly suffered after arrival of law enforcement

10  and based upon communications between Defendants Anaya and law enforcement.

11  Specifically, Plaintiffs allege that the Anayas "instigated," ECF No. 1-1 at 25 in

12  CV-12-3070-RMP, the wrongful actions of law enforcement by inviting them to

13  the premises.  However, summoning law enforcement cannot legally qualify as a

14  breach of a duty of care because Washington law affords immunity from civil

15  liability to persons who make good faith communications to government agencies.

16  *See* RCW 4.24.10; *see also Dang v. Ehredt*, 95 Wn. App. 670, 683-83 (Wash. App.

17  Div. 1), *review denied*, 139 Wn.2d 1012 (Wash. 1999) (holding that an entity

18  defendant was immune from liability for negligence based on its communications

19  with police).  Plaintiffs' factual allegations do not state claims upon which relief

20

can be granted based on either negligence, or negligent or intentional infliction of emotional distress..

## **WLAD Discrimination Claim**

The WLAD provides, in relevant part that it is an unfair practice to discriminate in a place of public accommodation.  RCW 49.60.215.  To state a prima facie claim of discrimination in a place of public accommodation, a plaintiff must show that: (1) he is a member of a protected class under the WLAD; (2) defendant's establishment is a place of public accommodation; (3) members of the protected class are not provided services comparable to those provided nonmembers by or at the place of public accommodation; and (4) the protected characteristic was a substantial factor causing the discrimination. *See Duvall v. County of Kitsap*, 260 F.3df 1124, 1135 (9th Cir. 2001) (citing *Fell v. Spokane Transit Auth.*, 128 Wn.2d 618, 637 (Wash.1996) (en banc)).  "[B]ehavior or actions constituting a risk to property or other persons can be grounds for refusal and shall not constitute an unfair practice."  RCW 49.60.215.

Plaintiffs' complaints lack detailed, non-conclusory allegations regarding whether Defendants Anaya provided services to other patrons that they did not provide to Plaintiffs or that Plaintiffs' race, color, or national origin were a substantial factor causing Defendants Anaya to treat Plaintiffs in a certain manner.

1    Through their motion to amend complaint, Plaintiffs seek to state a prima

2    facie discrimination claim by adding the allegation that "Defendant Ms. Anaya told

3    Defendant TPD that Plaintiff Jose S. Sanchez, Jr. had been outside with Chavez

4    and when they returned inside, they started using head nods and throwing gestures,

5    'you know how Mexicans do it.'"  ECF No. 16-1 at 10 in CV-12-3031-RMP.

6    Plaintiffs also allege, both in the operative complaints and in the proposed

7    amended complaint, that Ms. Anaya, who Plaintiffs identify as speaking "broken

8    English," ECF No. 1-3 at 13 in CV-12-3031, informed law enforcement that the

9    men, including the Sanchezes and Mr. Chavez, fighting at her business were

10   "Hispanic."  ECF Nos. 1-2 at 9; 1-3 at 7.  Plaintiffs also assert, "Anaya pointed out

11   the Sanchez father and son, as well as Chavez. Ms. Anaya didn't want anyone

12   arrested, she just wanted them to leave."  ECF No. 16-1 at 10 in CV-12-3031-

13   RMP.  None of these allegations directly support that Defendants Anaya were

14   motivated by racial or national origin-based animus in their actions toward

15   Defendants, much less that such animus was a substantial factor behind their

16   actions.  The Court finds that Plaintiffs have not plausibly shown that they are

17   entitled to relief through an WLAD claim against Defendants Anaya . *See*

18   *Twombl*y, 550 U.S. at 555.

19   ///

20   ///

ORDER ~ 15

1      **42 U.S.C. § 1983 Claim**

2           "[I]n any § 1983 action the initial inquiry must focus on whether the two

3      essential elements to a § 1983 action are present: (1) whether the conduct

4      complained of was committed by a person acting under color of state law; and (2)

5      whether this conduct deprived a person of rights, privileges, or immunities secured

6      by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527,

7      535 (1981), *overruled in other part by Daniels v. Williams*, 474 327 (1986).

8           In essence, Plaintiffs allege that the Anayas "instigated," ECF No. 1-1 at 25

9      in CV-12-3070-RMP, the actions by the remaining Defendants by inviting them to

10     the premises, the Defendants were calm when they solicited emergency response,

11     made inconsistent reports regarding whether Plaintiff Jose S. had a weapon,

12     reported actions that did not constitute a crime, and sought to have Plaintiffs

13     merely removed from the premises rather than arrested.

14          The Supreme Court has advanced numerous tests in determining whether a

15     private party is acting under the color of state law or is engaged in state action,

16     including: (1) whether the state and the private party have a symbiotic relationship

17     in which the state is benefiting from a private wrong; (2) whether the private party

18     is performing a public function; (3) whether there is a close nexus between the

19     state and the private action such as where the state has ordered or coerced the

20     private conduct; (4) whether the private party and the state have jointly conspired

or agreed to participate in the allegedly unconstitutional conduct; or (5) whether the identities of the state and private actors are pervasively intertwined in their membership or otherwise. Federal Judicial Center, SECTION 1983 LITIGATION 88-92 (2d ed. 2008). The Court finds that Plaintiffs' complaints lack any allegations that Defendants Anaya were involved in the law enforcement's actions to any extent that could justify a conclusion that the Anayas were engaged in "state action" for purposes of the Fourteenth Amendment. Therefore, the Court also finds that Plaintiffs do not allege a plausible § 1983 action against Defendants Anaya because they do not allege facts supporting that they acted under color of state law.

### "Acting in Concert" Claim

Under Washington state law, civil defendants may not be held jointly liable unless a vehicle for joint liability applies. Plaintiffs pursue joint liability under the exception for negligent parties who acted in concert or within the context of a master/servant or principal/agent relationship. RCW 4.22.070(1)(a). However, "action in concert" requires that the actors "consciously act together in an unlawful manner." *Gilbert H. Moen Co. v. Island Steel Erectors, Inc.*, 75 Wn. App. 480, 487 (Wash. App. Div. 1 1994), *rev'd on other grounds*, 128 Wn.2d 745 (Wash. 1996). There is no factual allegation of conscious collective action among the Anayas and law enforcement on or after the evening of February 22, 2009. The

ORDER ~ 17

Court finds that Plaintiffs fail to state a claim for this relief with respect to

Defendants Anaya.

## Loss of Consortium Claim

Lastly, the Court addresses the loss of consortium claim raised by Plaintiff

Ms. Sanchez.  In Washington, loss of consortium claims are treated as separate

rather than derivative causes of action.  *Reichelt v. Johns-Manville Corp*. 107

Wn.2d 761, 774-75 (Wash. 1987).  However, the Washington Supreme Court has

observed that a loss of consortium action is "dependent on the occurrence of an

injury to another."  *Reichelt*, 107 Wn.2d at 774 (citing Note, *Loss of Consortium: A

Derivative Injury Giving Rise to a Separate Cause of Action*, 50 FORDHAM L. REV.

1344, 1352 (1982)).  "Thus, the injury rather than the claim is derivative."

*Reichelt*, 107 Wn.2d at 774.  The Court has determined that Plaintiffs do not allege

sufficient facts to show any means by which Defendants Anaya injured Plaintiff

Jose C. in a way in which Defendants Anaya may be held liable.  Therefore, Ms.

Sanchez cannot have suffered a derivative injury imposed by Defendants Anaya.

### *Leave to Amend Complaint*

Under Federal Rule of Civil Procedure 15(a)(2), "[…] a party may amend its

pleading only with the opposing party's written consent or the court's leave.  The

court should freely give leave when justice so requires."  The Court considers five

factors in deciding whether to grant leave to amend a complaint: "undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, [and] futility of amendment."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

"District courts have broad discretion in deciding whether to grant leave to

amend and whether to dismiss actions with or without prejudice." *WPP Luxembourg*

*Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 (9th Cir. 2011).  To

dismiss a claim with prejudice, without granting leave to amend is inappropriate unless

it is clear "that the complaint could not be saved by amendment." *Eminence Capital,*

*LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

As set forth above, the Court considered the additional allegations against

Defendants Anaya in the proposed amended complaint and determined that they

could not save the claims against Defendants Anaya from being dismissed.

Therefore, the Court denies Plaintiffs' motion for leave to amend, ECF No. 16 in

CV-12-3031-RMP, based on a finding of futility of amendment.

### *Remand*

Plaintiffs timely moved for remand on the basis of an alleged procedural

defect, 28 U.S.C. § 1447(c) (requiring assertion of the defect within 30 days

following removal), so remand is required if the Court determines that the law

supports Plaintiffs' remand arguments.  Plaintiffs argue that the removal of these

1    matters to this Court is defective because Defendants Anaya did not consent to

2    removal.

3           Federal courts have long observed the "rule of unanimity," requiring the

4    unanimous consent of all defendants for the removal of an action. *See Chicago*

5    *Rock Island & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900). Since

6    January 2012, that requirement has been embodied in the removal statutes: "When

7    a civil action is removed solely under section 1441(a), all defendants who have

8    been properly joined and served must join in or consent to the removal of the

9    action." 28 U.S.C. § 1446(b)(2)(A).

10          It is uncontested that Defendants Anaya did not consent to removal of either

11   matter. However, there is no indication in the record that the Anayas were served

12   in the matter removed as CV-12-3070-RMP, so they do not qualify as "properly

13   joined and served." *See* 28 U.S.C. § 1446(b)(2)(A). Plaintiffs' motion to remand

14   filed in CV-12-3070-RMP at ECF No. 8, is, therefore, denied. The Court proceeds

15   with its inquiry with respect to the first-filed case, which became CV-12-3031-

16   RMP, and in which Defendants Anaya filed pro se responses to the February 16,

17   2012, complaint in the form of letters contesting the facts and the existence of

18   claims against the Anayas. ECF No. 1-4 at 30-34 in CV-12-3031.

19          The remaining Defendants argue that Defendants Anaya were fraudulently

20   joined defendants, and, therefore, removal did not violate the unanimity rule. In

ORDER ~ 20

the closely analogous situation of fraudulent joinder in the diversity jurisdiction

context, a defendant is a sham or fraudulently joined defendant if plaintiff fails to

state a claim, and the failure is "obvious according to the well-settled rules of the

state." *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002);

*see also Simmons v. California,* 740 F.Supp. 781, 786–87 (E.D.Cal.1990)

(surveying cases applying fraudulent joinder to federal question removal),

*overruled on other grounds by Kruse v. Hawai'i*, 68 F.3d 331, 334–35 (9th

Cir.1995) (surveying cases applying fraudulent joinder in context of federal

question jurisdiction).

     The Court recognizes that Plaintiffs had no control regarding whether

Defendants Anaya consented to removal.  However, "[f]raudulent joinder can exist

even where the plaintiff has no fraudulent intent, and fraudulent joinder 'does not

necessarily reflect on the integrity of plaintiff or plaintiff's counsel.'" *Wilson-*

*Condon v. Allstate Indem. Co.*, 2011 WL 3439271, *2 (C.D.Cal., August 4, 2011)

(quoting  *Simpson v. Union Pacific R.R. Co.*, 282 F.Supp.2d 1151, 1154-55 (N.D.

Cal. 2003)).   Rather, the relevant inquiry is objective: "whether on the face of the

removed complaint there is any possibility plaintiff could prevail." *Simpson*, 282

F.Supp.2d at 1155 (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068

(9th Cir. 2001)).   In addition, a defendant seeking removal based on alleged

fraudulent joinder must further show that the plaintiff "would not be afforded leave

to amend his complaint to cure [the] purported deficiency." *Burris v. AT & T Wireless, Inc.,* 2006 WL 2038040, at \*2-4 (N.D.Cal., July 19, 2006).

The Court has determined that the allegations against Defendants Anaya, accepted as true, fail to state a claim and that Plaintiffs' attempt to amend its complaint with respect to Defendants Anaya would be futile.  Therefore, the Court finds that Defendants Anaya are not "properly joined" defendants for purposes of 28 U.S.C. § 1446(b)(2)(A), and remand to state court is not warranted.  Plaintiffs' motion to remand in CV-12-3031 at ECF No. 9 is denied.

Accordingly, **IT IS ORDERED** that:

1. Case No. **CV-12-3070-RMP shall be CONSOLIDATED** with **CV-12-3031-RMP** for all proceedings and purposes.

2. Defendants' Motion for Judgment on the Pleadings Pursuant to Rule 12(c), **ECF No. 3 in CV-12-3031-RMP**, is **GRANTED**.

3. Defendants Motion to Dismiss Claims Against Co-Defendants Anaya, **ECF No. 4 in CV-12-3070-RMP**, is **GRANTED**.

4. Defendants San Juanita Anaya and spouse and Armando Anaya and spouse are **DISMISSED** as Defendants in this case.

5. Plaintiffs' Motions to Remand**, ECF No. 9 in CV-12-3031-RMP and ECF No. 8 in CV-12-3070-RMP**, are **DENIED**.

6.  Plaintiffs' Motion for Leave to File Amended Complaint, **ECF No. 16 in CV-12-3031-RMP**, is **DENIED**.

The District Court Clerk is directed to enter this Order, provide copies to counsel, amend the captions to reflect that Defendants Anaya and their spouses are dismissed as Defendants in this matter and that Mr. Anaya's first name is spelled "Armando," and **close the file** for CV-12-3070-RMP in this District.

**IT IS SO ORDERED.**

**DATED** this 10th day of August 2012.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER ~ 23